UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GEORGE BROOKS JR. (#112526)

VERSUS                                       CIVIL ACTION

RICHARD STALDER, ET AL                       NUMBER 07-654-JVP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, September 10, 2007.

                                         STEPHEN C. RIEDLINGER
                                         UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


GEORGE BROOKS JR. (#112526)

VERSUS                                             CIVIL ACTION

RICHARD STALDER, ET AL                             NUMBER 07-654-JVP-SCR


MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, a death row inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary Richard L. Stalder, Warden Burl Cain and Lt. Greg Templeton.  Plaintiff alleged that Lt. Templeton destroyed, or stole, his personal property and did not follow required prison procedure.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of

facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

Plaintiff alleged that on June 9, 2007, Lt. Templeton and another corrections officer entered his cell and threw his scrapbooks and four envelopes which contained newspaper and magazine clippings in a trash can. Plaintiff alleged that the items were not confiscated in accordance with prison procedure, and their conduct constituted harassment and theft of personal property.

Plaintiff alleged that he has been deprived of his property without due process of law. Random and unauthorized deprivations of property by state officials do not violate the federal constitution if an adequate post-deprivation state remedy exists. *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981); *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194 (1984). Louisiana has ample remedies under which the plaintiff may proceed against the defendants for recovery of his property or for the reimbursement of its loss. *Marshall v. Norwood*, 741 F.2d 761 (5th Cir. 1984).

Plaintiff named Secretary Stalder and Warden Cain as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of

2

constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Secretary Stalder and Warden Cain are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and without prejudice to any state law claim.

Baton Rouge, Louisiana, September 10, 2007.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE